DAVID THOMAS, RESPONDENT, v. ADOLPH METZENDORF, APPELLANT.

Submitted February 18, 1925—Decided March 16, 1925.

1. The mere fact that the plaintiff, an elderly man, failed to observe the defendant's automobile approaching about "a block away" when he looked in that direction as he started (in the night time) to cross a street at a proper crosswalk, does not, as a matter of law, render him guilty of contributory negligence when struck near the opposite curb by such automobile, negligently driven in respect to speed and control, and giving no audible signal of its approach.

2. The mere fact that the plaintiff, an elderly man, when crossing a street in the night time on a proper crosswalk, stopped, turned around, and started again, when suddenly confronted with and confused by the glare of the headlights of the defendant's automobile, which he had not seen before, does not, as a matter of law, render him guilty of contributory negligence when struck, as he had nearly finished the crossing, by such automobile running very fast and without any audible warning of its approach.

On appeal from the Supreme Court.

For the appellant, *John L. Ridley.*

For the respondent, *John E. Toolan.*

The opinion of the court was delivered by

TRENCHARD, J.   This was an action to recover compensation for personal injuries received by the plaintiff, when hit by the defendant's automobile, while the plaintiff was crossing Market street, in Perth Amboy, at its intersection with Davidson avenue, on October 21st, 1923.

The evidence at the trial plainly exhibited negligence in respect to the speed and control of the defendant's car in the circumstances.

The trial resulted in a verdict and judgment for the plaintiff, and the defendant appeals.

The sole reason for reversal argued is "that the plaintiff, as a matter of law, was guilty of contributory negligence, and plaintiff should have been nonsuited. or a verdict should have been directed against him."

We think there is no merit in that contention.

The plaintiff, an elderly man, at ten o'clock in the evening, was using the crosswalk to cross Market street, at its intersection with Davidson avenue, and was hit by the defendant's automobile, traveling along Market street. The evidence tended to show that before leaving the curb the plaintiff looked up and down Market street and saw only one automobile, and he waited for that to pass; that he then took two steps off the curb and looked again, both ways. and seeing no automobile he proceeded to cross the street (which was fifty or sixty feet wide), and had reached a point about fifteen feet from the opposite curb when he was suddenly confronted by the glare of the headlights of the defendant's automobile which he had not seen before; that, consequently, he became confused, stopped, turned around sharply, put up his hands, started again and was struck by the defendant's car, which was running very fast, giving no audible signal, and which was about "a block" away when plaintiff made his last observation.

The appellant first argues that the fact that the plaintiff failed to observe the defendant's automobile renders him guilty of contributory negligence as a matter of law.

We think not. Of course, the duty of exercising reasonable care between persons using the highway is mutual, and it is the duty of a pedestrian using a crossing at a street intersection to use reasonable care to avoid collision with automobiles. *Tichler* v. *Steinholtz,* 99 *N. J. L.* 149; *Venghis* v. *Nathanson, ante p.* 110. But the mere fact that the plaintiff, an elderly man, failed to observe the defendant's automobile approaching about "a block away," when he looked in that direction as he started (in the night time) to cross the street at a proper crosswalk, does not, as a matter of law, render him guilty of contributory negligence when struck near the oppo-

site curb by such automobile negligently driven in respect to speed and control and giving no audible signal of its approach.

Lastly, the appellant contends that the fact that the plaintiff, when suddenly confronted by the glare of the headlights of the defendant's automobile, stopped, turned around sharply, and started again, renders him guilty of contributory negligence as a matter of law.

But, clearly, that is not so. The general principles which require one to act in such a manner as to avoid injury to himself or others, and to take those steps to avoid accidents, which would be taken by a reasonably prudent person under like circumstances, are not enforced in all their rigor as to situations of sudden danger. This is in recognition of the fallibility of human nature in sudden crises and greater probability of errors of judgment occurring where a danger is imminent, and where a person is compelled instantly, without delaying for deliberation, to adopt some course of conduct to avoid injury. The frequent use of automobiles on public highways continually gives rise to situations which involve sudden dangers, where one or more persons, without an instant's delay, must determine on and adopt a mode of proceeding which will minimize the chance of collision and injury to themselves and others. Difficult questions of negligence and contributory negligence may be raised in adjusting controversies as to responsibility for accidents which may occur. Frequently, as here, a pedestrian may be compelled to act quickly when he suddenly becomes aware of an automobile approaching, and if he decides that he has sufficient time to escape in a given direction, he will not necessarily be held to be guilty of contributory negligence, although his judgment is shown to have been erroneous, and, in consequence, he is run down and injured. 2 *R. C. L.* 1196; *Weston* v. *Pennsylvania R. R. Co.,* 74 *N. J. L.* 484; *Dickinson* v. *Erie R. R. Co.,* 81 *Id.* 464; *Barry* v. *Borden Farm Products Co.,* 100 *Id.* 106. In the instant case it is by no means clear that any course of conduct open to the plaintiff would have avoided the collision. But, however that may be, it is sufficient to say that the mere fact that the plaintiff, an elderly

JANUARY TERM, 1925. 349

*101 N. J. L.*      Carter Lumber Co. v. Shupe Term. Corp.

man, when crossing the street in the night time on a proper crosswalk, stopped, turned around, and started again, when suddenly confronted with and confused by the glare of the headlights of the defendant's automobile, which he had not seen before, does not, as a matter of law, render him guilty of contributory negligence when struck, as he had nearly finished the crossing, by such automobile running very fast and without any audible warning of its approach.

Our conclusion, therefore, is that the question of contributory negligence was properly submitted to the jury, and, hence, the judgment below will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, CLARK, McGLENNON, KAYS, JJ. 16.

*For reversal*—None.